UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO CONTRERAS,
                        Plaintiff,

-v-

BRITESTARR HOMES, INC. et al.,
                        Defendants.

19-CV-6980 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

This case, a personal-injury suit, was removed from New York state court by Defendant Amtrak on July 25, 2019. Plaintiff Francisco Contreras has filed a motion to remand. For the reasons that follow, the motion is granted.

**I.    Background**

On February 7, 2018, an Amtrak train struck Plaintiff Francisco Contreras, necessitating amputation of his right leg. (Dkt. No. 2-1 ("Compl.") ¶¶ 87, 93.) Contreras filed suit in New York state court, naming as defendants the National Railroad Passenger Corporation ("Amtrak"), Britestarr Homes, Inc., CSX Transportation, Inc., McInnis USA Inc., the City of New York, the Metropolitan Transportation Authority, and MTA Metro-North Railroad. (Compl. ¶¶ 2–19.)

On July 25, 2019, Amtrak filed a notice of removal with this Court. (Dkt. No. 2 ("Notice of Removal").) The notice indicates that Amtrak was served with the complaint on June 25, 2019. (Notice of Removal ¶ 1.) The notice also indicates that Amtrak had "obtained the consent of all the defendants served to date to remove th[e] action."[1] (Notice of Removal ¶ 7.)

---

[1] According to the notice, service had not yet been effectuated on Britestarr Homes. (Notice of Removal ¶ 6.)

1

On August 26, 2019, Contreras moved to remand the case back to New York state court. (Dkt. No. 15.) He argues that Amtrak's notice of removal was both untimely and deficient. (Dkt. No. 17 at 2–4.)

## II. Discussion

"[R]emoval jurisdiction exists in a given case only when that jurisdiction is expressly conferred on the courts by Congress." *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 367 (S.D.N.Y. 2006) (quoting *Chase v. N. Am. Sys., Inc.*, 523 F. Supp. 378, 380 (W.D. Pa. 1981)). The removal statute is "construe[d] . . . narrowly, resolving any doubts against removability." *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991). "If the plaintiff challenges the removal through a motion to remand, the party seeking to remove the case bears the burden of establishing that removal is proper." *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 623 (S.D.N.Y. 2004).

The removal statute generally requires that a notice of removal "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Further, if — as here — the action was "removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A).

Contreras first argues that the notice of removal was untimely because it was filed on July 26, 2019, more than thirty days after Amtrak was served with the complaint. (Dkt. No. 17 at 3.) The docket, however, plainly indicates that Amtrak filed the notice of removal with this

Court on July 25, 2019 (Dkt. No. 2), within the statutory thirty-day period.[2] The notice was therefore timely.

More promisingly, however, Contreras also argues that the other defendants did not properly consent to the removal of the action. (Dkt. No. 17 at 3.) Although Amtrak's notice included a representation that the other properly served defendants consented to removal, Contreras contends that the other defendants must separately provide their own "written consent." (Dkt. No. 17 at 3 (quoting *Edelman v. Page*, 535 F. Supp. 2d 290, 293 (D. Conn. 2010)).)

"Although [the Second Circuit] ha[s] not yet advised what form a consent to removal must take," it has agreed that the defendants who did not join a notice of removal "must independently express their consent to removal." *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012). Generally, then, "it is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf." *Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12-CV-5557, 2013 WL 1234958, at *6 (S.D.N.Y. Mar. 26, 2013) (internal quotation marks omitted). "Even where the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty-day period." *In re Village of Kiryas Joel*, No. 11-CV-8494, 2012 WL 1059395, at *3

---

[2] The notice of removal was filed in state court on July 26, 2019 (*see* Dkt. No. 22 at 4), but that is irrelevant. The removal statute concerns itself with the date on which the notice was "file[d] in the *district court of the United States*." 28 U.S.C. § 1446(a) (emphasis added).

(S.D.N.Y. Mar. 29, 2012); *see Metro. Transp. Auth. v. U.S. Fid. & Guar. Co.*, No. 14-CV-9059, 2015 WL 1730067, at *4 (S.D.N.Y. Apr. 14, 2015) (collecting cases).[3]

In this case, two defendants — McInnis USA Inc. and the City of New York (*see* Dkt. No. 2 at 2–3) — did not "either actually join in a notice of removal or independently express to the Court [their] consent to removal within the thirty-day period." *Bedminster*, 2013 WL 1234958, at *6. "The failure of any defendant to provide its written consent within the thirty-day period constitutes a fatal procedural defect in the removal procedure and warrants a remand of the case." *Id.* (quoting *In re Kiryas Joel*, 2012 WL 1059395, at *3). Accordingly, Plaintiff's motion to remand is granted.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion to remand is GRANTED.

---

[3] Not all courts in this circuit accede. *See, e.g.*, *Doe v. Zucker*, No. 17-CV-1005, 2018 WL 3520422, at *5 (N.D.N.Y. July 20, 2018) (finding representation of codefendant's consent in notice of removal to be sufficient).

Moreover, the other circuits are split. The majority rule — followed by the Fourth, Sixth, Eighth, and Ninth Circuits — is that a representation in one defendant's removal notice that its codefendants have consented is sufficient. *See Mayo v. Bd. of Educ.*, 713 F.3d 735, 742 (4th Cir. 2013) ("[A] notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal."); *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 201 (6th Cir. 2004) (same); *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015) (same); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (same).

On the other hand, the Fifth and Seventh Circuits have held that a defendant may not generally give notice of consent on another defendant's behalf. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir.1988) ("[W]hile it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself."); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) ("A petition for removal fails unless all defendants join it. To 'join' a motion is to support it in writing . . . ." (citations omitted)).

In any event, this Court opts to follow the general practice of courts in this circuit.

This case is hereby REMANDED to the Supreme Court of the State of New York, Bronx County.

The Clerk of Court is directed to close the motion at Docket Number 15 and to terminate this case.

SO ORDERED.

Dated: October 7, 2019
      New York, New York

                                        J. PAUL OETKEN
                                    United States District Judge